UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH IBM BEY (EX. REL. ELIJAH
PALMGREN),

                    Plaintiff,

            -against-                                          18-CV-9594 (CM)

MELINDA CONTE; THERESA PARKER;                          ORDER OF DISMISSAL
EVON M. ASFORIS; P.O. CHEN #312;
POLICY ENFORCERS: # 543, # 8112, # 7519,
# 6331, #3938,

                    Defendants.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. §§ 1331 and 1332, alleging

that Defendants violated his rights. By order dated April 1, 2019, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set

forth in this order, the Court dismisses this action and grants Plaintiff thirty days' leave to

replead.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who identifies as a Moor and a citizen of "Morocco, Northwest Amexem," uses the Court's general complaint form and invokes the Court's federal question and diversity jurisdiction. (ECF No. 2 at 2.)[1] He claims that this Court has jurisdiction over his claims based on Articles II and VI of the Constitution, 28 U.S.C. § 454, and Article III § 3 of the United Nation's Declaration on the Rights of Indigenous People. Plaintiff names as Defendants Melinda Conte, Theresa Parker, Evon M. Asforis, PO Chen, and five "Policy Enforcers."

Plaintiff's claims arose out of a state-court eviction action against him. The following facts are taken from the complaint: since August 2017, Plaintiff resided in an apartment in Manhattan with his girlfriend, Patricia Foy, and her friend, Theresa Parker. Melinda Conte was the primary tenant on the lease of the apartment, but she did not reside in the unit. Plaintiff, Foy, and Parker initially came to an agreement that Plaintiff would live in the apartment, but in January 2018, Parker began making threats against Plaintiff and Foy, and then both Parker and Conte began illegal eviction proceedings against Plaintiff.[2] In addition to seeking the eviction and engaging in a campaign of harassment, Parker and Conte have tampered with the electricity in the bedroom, removed freshly cooked food from the refrigerator to hinder access to the kitchen, and locked Plaintiff and Foy out of the bathroom and the apartment. Conte has admitted

---

[1] Citations to the complaint refer to the pagination generated by the Court's electronic case filing system (ECF).

[2] It is unclear from the complaint whether Conte and Parker also brought the eviction proceedings against Foy.

to the police that she has changed the locks to make Plaintiff and Foy leave the apartment.

Plaintiff had to spend over $400.00 for a locksmith to access the apartment.

On July 16, 2018, during a court hearing, Plaintiff requested that a trial be conducted, but

Asforis, the magistrate judge presiding over the eviction case, recessed the court until that

afternoon. Once court resumed, Asforis, "knowing who [Plaintiff is]," became disrespectful,

raised her voice, and appeared irritated. (*Id*. at 8.) When Plaintiff requested that Asforis "present

her declaration of jurisdiction and oath of office," she refused to do see, thereby violating 28

U.S.C. § 454. Asforis then left the stand, and the "policy enforcers" handcuffed Plaintiff,

although he gave them "no authority to touch [him] in anyway, "and then issued him a summons,

while refusing to provide their names. (ECF No. 2 at 8.) Because this was done although no

crime was committed and after Plaintiff declared his "appellation and Moorish Nationalism," the

policy enforcers "broke [Plaintiff's] rights as an indigenous person." (*Id*.) Plaintiff brings this

action seeking injunctive relief and monetary damages.

**DISCUSSION**

**A.     Federal Claims**

Because Plaintiff brings this complaint invoking the Court's federal question jurisdiction

and alleging that Defendants violated his constitutional and federal statutory rights, the Court

construes the complaint as bringing claims under 42 U.S.C. § 1983.[3] Section 1983 provides

---

[3] To the extent Plaintiff seeks relief from the actual eviction or other landlord-tenant issues, he should note that "federal courts do not have federal question . . . jurisdiction over state residential landlord-tenant matters." *Gotland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005); *see also Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes") (citation and quotations marks omitted)).

redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citations omitted).

### 1. Claims Against Asforis

The Court first considers Plaintiff's claims against Asforis, the magistrate judge presiding over the eviction proceedings. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff seeks monetary damages against Asforis for his having to appear before her, her

failing to prove jurisdiction by providing a declaration and an oath of office, and her directing

the officers to arrest him. (*See* ECF No. 2 at 8.) Because Plaintiff's claims against Asforis

concerns her judicial conduct in the eviction case, Asforis is entitled to absolute immunity from

this suit. Thus, the Court dismisses the claims against Asforis. *See* 28 U.S.C.

§ 1915(e)(2)(B)(iii).

Further, the Court notes that 28 U.S.C. § 454 is inapplicable to Asforis, a state-court

magistrate judge.[4] This provision is part of Title 28 (Judiciary and Judicial Procedure), the

portion of the United States Code that governs the federal judicial system.

**B.      Claims against PO Chen and "Policy Enforcers"**

The Court next examines Plaintiff's claim that "Policy Enforcers" – presumably court

security officers – touched him without authority and arrested him at Asforis's direction. In

particular, the Court will consider whether the court officers are entitled to quasi-judicial

immunity for acting at the judge's behest.

The Supreme Court has extended absolute judicial immunity "to certain others who

perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S.

193, 200 (1985). Courts have generally found that law enforcement officials are protected by

quasi-judicial immunity when performing discretionary acts of a judicial nature which are

essential to the judicial process. *See Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir. 2001)

("The absolute immunity afforded to judges has been extended to apply to 'quasi-judicial

conduct' of '[n]on-judicial officials whose official duties have an integral relationship with the

---

[4] Section 454 provides that "[a]ny justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor."

judicial process.'") (citation omitted); *Roland v. Phillips*, 19 F.3d 552, 555-56 (11th Cir. 1994)

(citing cases holding that law enforcement officials executing facially valid court orders are

protected by quasi-judicial immunity); *Bowers v. U.S.*, 931 F. Supp. 2d 358, 367 (D. Conn. 2013)

("Several district courts in this Circuit have found the execution of valid court orders to entitle

sheriffs and others to absolute quasi-judicial immunity.") (collecting cases); *Maldonado v. New*

*York Cnty. Sheriff*, 2006 WL 2588911, at *5 (S.D.N.Y. Sept. 6, 2006) ("[P]ersons who faithfully

execute valid court orders are absolutely immune from liability for damages in actions

challenging conduct authorized by the order.") (citation omitted). But courts have differed on the

extent that judicial immunity applies in the context of court officers executing a judge's order to

arrest a person.

Neither the Supreme Court nor the Second Circuit has addressed the applicability of

quasi-judicial immunity to court officers' conduct while responding to a judge's order, but there

is a split among the circuit courts that have addressed the issue. The Eighth Circuit has extended

quasi-judicial immunity to an officer who used excessive force in restraining an individual in

court at a judge's direction. *See Martin v. Hendren*, 127 F.3d 720, 722 (8th Cir. 1997) (holding

that officer directed by judge to restore order to courtroom is entitled to quasi-judicial immunity

for handcuffing and removing individual from courtroom, and stating "[b]ecause judges

frequently encounter disruptive individuals in their courtrooms, exposing bailiffs and other court

security officers to potential liability for acting on a judge's courtroom orders could breed a

dangerous, even fatal, hesitation.") But other circuit courts that have considered the issue – the

Third, Seventh, Ninth, and Tenth Circuits – have made a "distinction between claims based on

the actions actually authorized by court order, which are barred by quasi-judicial immunity, and

those based on the manner in which a court order is enforced, which are not." *Russell v.*

*Richardson*, 905 F.3d 239, 248-51 (3d Cir. 2018) (officer enforcing PINS order is not entitled to

quasi-judicial immunity for shooting the plaintiff; the court makes it explicit that quasi-judicial

immunity extends only to the execution of a court order and not the manner of its execution);

*Brooks v. Clark Cnty.*, 828 F.3d 910, 917–19 (9th Cir. 2016) (rejecting quasi-judicial immunity

for a courtroom marshal accused of using excessive force when executing a judge's order to

remove a disruptive individual); *Richman v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001)

("[W]hen the conduct directly challenged is not the judge's decision making, but the manner in

which that decision is enforced, . . . the law enforcement officer's fidelity to the specific orders

of the judge marks the boundary for labeling the act 'quasi-judicial.'"); *Martin v. Bd. of Cnty.*

*Comm'rs,* 909 F.2d 402, 405 (10th Cir. 1990) (holding that officers charged with employing

excessive force to execute a bench warrant were not entitled to absolute immunity, and

"conclud[ing] that absolute immunity does not protect defendants from damage claims directed

not to the conduct prescribed in the court order itself but to the manner of its execution").

Here, even if the Court were to take the more limited approach to quasi-judicial immunity

espoused by the majority of the circuit courts – that it extends only to the acts authorized by

court order and not to the manner in which it is executed – based on Plaintiff's assertions, the

court officers are entitled to quasi-judicial immunity. Plaintiff is essentially challenging the

judge's direction to the court officers to restrain Plaintiff rather than the manner they executed

the judge's order. Plaintiff's claim that the court officers touched him without authority and

arrested him do not suggest that the court officer's actions exceeded the judge's direction in the

manner they executed the order. To the extent Plaintiff brings claims against the court officers

for following the judge's order to arrest Plaintiff, they are entitled to quasi-judicial immunity,

and the claims must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Because the Court cannot say at this stage that an amendment would be futile, the Court grants Plaintiff thirty-days' leave to submit an amended complaint concerning the manner in which the court officers arrested him. Should Plaintiff choose to submit an amended, he must allege facts suggesting that the manner in which the court officers arrested him exceeded the judge's order. Plaintiff must provide specific details concerning the arrest and his claim that the officers touched him without authority. Plaintiff must specifically name as defendants the individuals responsible and state what role each defendant played in the alleged violations.

**C.     Claims against Conte and Parker**

As to Plaintiff's purported constitutional claims against Conte and Parker, they too must be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Conte and Parker are private parties who do not work for any state or other government body, Plaintiff cannot bring constitutional claims against these defendants under § 1983.

**D.     State-Law Claims**

Plaintiff also fails to allege facts demonstrating that the Court has diversity of citizenship jurisdiction over any state-law claims he seeks to assert against Defendants. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or

value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not establish that he and the defendants are of diverse citizenship. He asserts that both he and the defendants reside in New York, precluding complete diversity of citizenship. Plaintiff's assertion that he is a citizen of "Morocco, Northwest Amexem" is irrelevant to the determination of his citizenship for diversity purposes. Based on Plaintiff's Manhattan address, he appears to be a citizen of New York. *See, e.g.*, *Abdul Hakim Bey v. United States Legislature*, No. 17-CV-7569 (CM), 2017 WL 6611052, at *2 (S.D.N.Y. Oct. 25, 2017) (noting that the plaintiff's "purported status as a 'Sovereign Nuwaubian' and 'Moorish-American' does not create diversity jurisdiction where all parties are domiciled in the same state.").

**E.      Leave to Amend**

In an abundance of caution and in light of the Second Circuit's direction to provide a plaintiff an opportunity to amend the complaint unless it would be futile for the Plaintiff to do so, *see Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011), the Court grants Plaintiff thirty days' leave to submit an amended complaint that addresses his claims against the court officers as detailed above. Should Plaintiff submit an amended complaint in which he states a federal claim, the Court will then determine whether to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, electronically transmit this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court grants Plaintiff thirty days' leave to file an amended complaint. The Clerk of Court is instructed to terminate all other pending matters.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 18, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge